Parker C. J.
The Court are of opinion that the verdict is right as it stands, and that judgment be entered accordingly-
As to the claim of the demandant to have judgment for the whole, it is not supported by any of the authorities which have been cited, and no good reason can be given for such a judgment. The demandant, upon production of her title, shows that she is coheir with five others ; she will therefore have entire justice done to her, if she is allowed to recover an undivided sixth part. The tenant, being in possession, ought not to be disturbed, except by those who have the right. Mon constat that the other coheirs are not as willing that the tenant should occupy their land, as that the de *414 mandant should. If the demandant had, as she might have done, proved a seisin in fact of the whole, without showing that she was only tenant in common of a part, upon this issue she might have recovered the whole, because, according to the authorities cited, the tenant, not having pleaded in abatement the tenancy in common, could not avail himself of it afterwards without showing title ; which he might do by disclaiming to hold otherwise than as tenant in common, as is provided in St. 1795, c. 75.
In regard to the second point, viz. that the demandant, having counted for the whole as sole seised, cannot recover an aliquot part as tenant in common, notwithstanding her proof of such title, we are of opinion that the objection is not sustained by the authorities. This is said to be qumstio vexata, and of contradictory practice in different parts of the commonwealth. No decision of this Court has been cited, and it is not recollected that the question has ever been formally presented. There seems to be no objection in principle or convenience, to the recovery in the form it was adjudged at nisi prius. The technical difficulty suggested is, that the verdict and judgment will not correspond with the count, inasmuch as a different title is established by the former from that which is described in the latter. This however is not strictly true, the title being the same as to the duration of the estate and its qualities, the difference being in the degree of interest between a sole tenancy and a tenancy in common. Nor is the tenant in the action prejudiced by allowing the demandant, in this respect, to depart from her declaration ; for the tenant is supposed to know his own title, and if he have any as tenant in common he may set it out in a disclaimer, as is provided by the statute before cited, and thus protect his title, as well as save himself from the costs of suit. The practice of recovering less than the whole of a specific parcel of real estate, is known to be common, and is well supported by authorities, and yet in this there is a variation between the count and the proof. As if a man demand the whole of a farm or a messuage, he may recover a certain part of it. He may always recover less, but never more, than he sues for. There are many *415 authorit p«, ancient and modern, to this point. A few of .hem only will be cited. In Ablett v. Skinner, 1 Sid. 229, the declaration was for one fourth of one fifth in five parts to be divided. The title upon the evidence was but of one third of one fourth of one fifth, which is but a third of what was demanded ; and it was objected that the plaintiff could not have judgment, because the verdict in such case ought to agree with the declaration. But by the court, the verdict may be taken according to the title as it was proved. The reporter adds a qucere in what manner the habere facias should be executed. Here there would be no difficulty, for the execution will pursue the judgment, and the judgment the verdict. In 2 Rol. Abr. 719, pl. 19, it is said, in an ejections firmce of land, if, upon not guilty, the jury find him guilty of a moiety only, and not guilty of the residue, yet the plaintiff shall have judgment. Whether the suit was for the whole or not, does not appear; it may be that it was for a moiety, or some other proportion ; and the proof of a moiety of what was sued for. But this establishes the point now under consideration, namely, that the verdict and judgment may be for less than is demanded in the declaration.
So in the same book, p. 704, pl. 22 ; “ If in ejectione firmce of a messuage, it be found that a small part of the house, is built by encroachment upon the land of the plaintiff, and not the residue, yet the plaintiff shall recover that small parcel by the name of a messuage.” — Pl. 23. In assize of nuisance, in which the plaintiff declared that the defendant had built a house to the nuisance of his mill, the jury found that two yards of the top of the house was a nuisance. The plaintiff had judgment, for the declaration was not falsified but only abridged. See also Guy v. Rand, Cro. Eliz. 13, and Goodwin v. Blackman, 3 Lev. 334, where it is expressly stated, that if s man have title to one fourth part of an acre and sue for the whole, he shall recover one fourth.
These cases will answer the objection of variance between the verdict and declaration, so far as it respects the quantity demanded and recovered, though not perhaps, except that in Levinz, as to the difference of tenure between a sole ana *416 common tenancy ; but the following cases are strong to that point of the objection
In Cooper v. Frankling, 1 Rolle’s Rep. 385, is the fo'lowing passage. It was moved by Harris, that admitting this to be an estate tail, and so the devise void, then the two sisters from whom the plaintiff and defendant claim the land, would hold in coparcenary, and go the plaintiff would be entitled to a moiety ; but as it seems he has brought this ejectione firma for the whole and not for a moiety, he cannot have judg "°nt for any part, unless he ought to have judgment for the whole. So in this case the jury have concluded, if he is guilty of the ejectment aforesaid, then they assess damages for the whole, and so they have made their conclusion upon the whole, and put the whole to the discretion of the court, and so if the court adjudge only a moiety for him, he cannot have judgment for a part. Houghton said, if it had not been for the special conclusion the plaintiff might have judgment for a moiety, but perhaps it is otherwise for that conclusion. Hoclderidge said, it seemed to him it was the same thing ; that if the plaintiff will release his damages, it is clear enough he may have judgment for a moiety.
This case seems decisive of all the points, as does the following more modern case of Denn d. Burges v. Purvis et al., 1 Burr. 326. The plaintiff sued for a moiety, and proved a title to one third part. The case Was reserved on this question, whether the plaintiff, on her declaration for a moiety, can recover one third part of the premises. And it was decided affirmatively. Lord Mansfield, said, the rule is undoubtedly right, that the plaintiff must recover according to his title ; and he cites with approbation the case in Siderfin above cited. And so it is, he says, in an assize ; part may be recovered on a demand for the whole. And no objection can be made, for if more is laid, there is no reason why he could not recover less, though the reverse will not hold. TL-- other judges concurred.
It has been suggested that the above-cited cases, being all of trespass or ejectione firma, are not applicable to the case before us, which is a writ of entry ; but there is no ground for the distinction, the principle, upon which *417 the objection is founded, to wit, that there will be a variance between the verdict and the declaration, being as important in one suit as the other. Besides, the ejectione firma being only a substitute for the writ of entry, on account of difficulties in the latter action in England, which happily do not exist here, there is no reason why a strictness should be applied to this last by us, which is not applied to the action of ejectment in England.

Judgment according to the verdict.